**Judge Buchwald**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA          :
:
        - v. -                    :    INDICTMENT
:
SHAILESHKUMAR JAIN,               :    10 CRIM 442
    a/k/a "Sam Jain,"             :
:
                Defendant.        :
:
- - - - - - - - - - - - - - - - x

COUNTS ONE THROUGH FOUR

(International Money Laundering)

The Grand Jury charges:

Relevant Persons and Entities

1.  Symantec Corporation ("Symantec") is a corporation engaged in the business of the development and sale of consumer computer security software including "Norton Anti Virus" and "SystemWorks." Symantec's world-wide headquarters are located in Cupertino, California.

2.  SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, is a United States citizen who owned and operated several Internet-based companies including Discount Bob, Shifting Currents Financials, Inc., Innovative Marketing, Inc., Pro Motion Management Consulting Incorporated, and Shopcenter.com, LLC. JAIN also owned and operated several Internet web sites, including but not limited to discountbob.com, shopenter.com, gito.com, MP3U.com, and buysmarter.com. Those Internet web sites, and other business

entities controlled by JAIN, advertised the sale of purportedly genuine software developed and manufactured by Symantec.

<u>The Defendant's Scheme To Sell Counterfeit Software</u>

3.  From in or about March 2003 to in or about 2004, SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, engaged in a scheme to sell counterfeit Symantec software over the Internet to consumers who were tricked by JAIN into believing that they were purchasing genuine Symantec software.  To perpetuate the scheme, JAIN used his network of Internet web sites and other businesses to lure consumers to his web sites, which appeared to offer genuine Symantec products.  JAIN collected credit card payments for the counterfeit software from consumers and deposited the proceeds of his scheme into various bank accounts controlled by JAIN.

4.  Specifically, SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, lured consumers interested in purchasing genuine Symantec computer security software through unsolicited e-mail advertising, known as "Spamming," or through web sites owned and operated by JAIN, with the aid of "pop-up" Internet advertising offering the sale of purportedly genuine Symantec products.

5.  The web sites owned and operated by SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, appeared to offer genuine Symantec computer security software.  Visitors to the web sites

could see pictures of genuine copyrighted Symantec software bearing the registered trademark of Symantec.

      6. Consumers paid for the products by completing an online form which required the consumer to provide credit card payment information, as well as the name of the consumer and address to which the product was to be delivered.

      7. Once orders for the purported Symantec software were placed by the consumers using the Internet web sites owned and operated by SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, credit card payments made by the consumers were electronically processed by third-party credit card processing services, and funds were deposited into bank accounts held in the name of the business entities owned and operated by JAIN.

      8. SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, maintained and exercised full control over the funds deposited into several accounts that were used, in part, to receive the funds paid by consumers for the purportedly genuine Symantec software, including, but not limited to the following accounts: Bancorp Bank Account No. XXX-XX9280, located in the state of Delaware, held in the business name of Shopenter.com, LLC; and Commercial Federal Bank Account No. XXXX9065, located in the state of Wyoming, held in the business name of Shifting Currents Financials, Inc.; and Commercial Federal Bank Account No. XXXX8217, located in the state of Hawaii, held in the name of Shopenter.com.

## The Defendant's Financial Transactions
## With Criminally Derived Proceeds

9. SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, used a series of bank accounts in the United States and overseas to launder the proceeds of his counterfeit software scheme. JAIN transferred proceeds from the scheme into various accounts in the United States held in the names of nominees over which JAIN exercised actual control. JAIN also transferred some of his criminal proceeds overseas into a Swiss bank account in order to conceal the true nature and source of the funds.

10. After funds derived from the sale of counterfeit Symantec products were received into Bancorp Bank Account No. XXX-XX9280, those funds were further transferred to Bancorp Bank Account No. XXX-XX9298, over which SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, maintained signature and full authority over and which was held in the business name of Shopenter.com, d/b/a gito.com.

11. After funds derived from the sale of counterfeit Symantec products were received into Bancorp Bank Account No. XXX-XX9298, the funds were further transferred to Global Investor Services Investment Account No. XXX-XX4968, located in the state of Florida. Global Investor Services Investment Account No. XXX-XX4968 was opened at the direction of SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, and controlled by JAIN. JAIN, however, opened Global Investor

Services Investment Account No. XXX-XX4968 in the name of a nominee business entity called Rivonal Corporation and in the name of a nominee owner ("Nominee-1").

12. Funds derived from the sale of counterfeit Symantec products received into Commercial Federal Bank Account No. XXXX9065 were also further moved to Global Investor Services Investment Account No. XXX-XX4968.

13. After funds were received into Global Investor Services Investment Account No. XXX-XX4968, those funds were further transferred to: Merrill Lynch Account No. XXX-X7731, located at 4 World Financial Center, New York, New York (the "New York ML Account"); Merrill Lynch Bank (Suisse) S.A. account #XXX972, located in Geneva, Switzerland (the "Swiss ML Account"); and Interactive Brokers Account No. XXX3380, located in Connecticut, which were all caused to be opened and were controlled by SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, but placed in the name of Nominee-1 to hide the true nature of the funds and to hide the fact that JAIN actually controlled those accounts.

Statutory Allegation

14. On or about the dates set forth below, in the Southern District of New York and elsewhere, SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, unlawfully, willfully, and knowingly transmitted and transferred and attempted to transmit and transfer funds from a place in the United States to and through a place outside the United States, involving and affecting interstate and foreign commerce, knowing that the funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, criminal copyright infringement in violation of Title 18, United States Code, Section 2319(b)(1) and Title 17, United States Code, Section 506(a)(1), as set forth below:

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| ONE | March 15, 2005 | Wire transfer of approximately $150,000 in U.S. Currency from the New York ML Account into the Swiss ML Account. |

| COUNT | DATE | TRANSACTION |
|---|---|---|
| TWO | May 11, 2005 | Wire transfer of approximately $561,000 in U.S. Currency from the New York ML Account into the Swiss ML Account. |
| THREE | May 23, 2005 | Wire transfer of approximately $3,000,000 in U.S. Currency from the New York ML Account into the Swiss ML Account. |
| FOUR | December 5, 2005 | Wire transfer of approximately $50,000 in U.S. Currency from the New York ML Account into the Swiss ML Account. |

(Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.)

COUNTS FIVE AND SIX

(Domestic Money Laundering)

The Grand Jury further charges:

15. The allegations contained in Paragraphs 1 through 13 are repeated and realleged as if fully stated herein.

16. On or about the dates set forth below, in the Southern District of New York and elsewhere, SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit, criminal copyright infringement in violation of Title 18, United States Code, Section 2319(b)(1) and Title 17, United States Code, Section

506(a)(1), knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, as set forth below:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| FIVE | May 18, 2005 | Wire transfer of approximately $5,658,761.15 in U.S. Currency from the Global Investor Services Investment Account No. XXX-XX4968 into the New York ML Account. |
| SIX | January 19, 2006 | Wire transfer of approximately $1,000,000 in U.S. Currency from the New York ML Account into the Interactive Brokers Account No. XXX3380. |

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

### FORFEITURE ALLEGATION

17. As the result of committing the international and domestic money laundering offenses in violation of Title 18, United States Code, Section 1956, alleged in Counts One through Six of this Indictment, SHAILESHKUMAR JAIN, a/k/a "Sam Jain," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the offenses and all property traceable to such property.

#### Substitute Asset Provision

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 1956, 1957, and 982.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SHAILESHKUMAR JAIN,
a/k/a "Sam Jain,"

Defendant.

INDICTMENT

(18 U.S.C. §§ 1956 and 2.)

PREET BHARARA
United States Attorney

A TRUE BILL

*(signature)*
Foreperson.

*Handwritten annotations:*
Indictment Returned
Case Assigned to Judge Buchwald
James C Francis (CLS-D)
5-20-10